**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
Matthew M. Guiney
Patrick Donovan
Rourke C. Donahue
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
Donovan@whafh.com
Donahue@whafh.com

*Counsel for Lead Plaintiff Movant Parijaat Dixit*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARIJAAT DIXIT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SMART DIGITAL GROUP LIMITED, YUNTING CHEN, QIONGSHAN HUANG, SAM WAI HONG, ENROME LLP, US TIGER SECURITIES, INC., and JOHN DOES 1-100,<br><br>Defendants. | Case No: 1:26-cv-00296-NRB<br><br>Hon. Naomi Reice Buchwald<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PARIJAAT DIXIT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br><u>**CLASS ACTION**</u><br><br><u>**DEMAND FOR JURY TRIAL**</u> |

**TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................... 2

III.    ARGUMENT ....................................................................................................... 3

    A.    Movant Dixit Is the Most Adequate Plaintiff ............................................ 3

        1.    Movant Dixit's Motion Is Timely ................................................. 4

        2.    Movant Dixit Has the Largest Financial Interest in the Relief Sought by the Class ............................................................ 5

        3.    Movant Dixit Otherwise Satisfies the Requirements of Rule 23 ................. 5

    B.    Movant Dixit Selected Well-Qualified Lead Counsel to Represent the Class ...................................................................................... 7

CONCLUSION ................................................................................................................ 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                    **Page(s)**

*Chilton v. Chiumento Group*,
  365 F. App'x 298 (2d Cir. 2010) ..................................................................................4

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)....................................5, 6

*Roofers Local No. 149 Pension Fund v. Amgen Inc.*,
  No. 23 Civ. 2138 (JPC), 2023 WL 4406286 (S.D.N.Y. July 7, 2023) .......................................5

**STATUTES & RULES**

Federal Rules of Civil Procedure
  Rule 23 ..................................................................................................................1, 4, 5, 6, 7
  Rule 23(a)(4)...............................................................................................................6

The Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77a, *et seq*. ..................................4
  § 77k.........................................................................................................................4
  § 77o.........................................................................................................................4

Private Securities Litigation Reform Act of 1995 ("PSLRA"),
15 U.S.C. § 78u-4(a), *et seq*. ...............................................................................1, 3, 4, 5, 7
  § 78u-4(a)(3)(A)(i)(II) ...................................................................................................4
  § 78u-4(a)(3)(B)(i) .......................................................................................................3-4
  § 78u-4(a)(3)(B)(iii).....................................................................................................5
  § 78u-4(a)(3)(B)(iii)(I)...................................................................................................4
  § 78u-4(a)(3)(B)(iii)(I)(bb) .............................................................................................5
  § 78u-4(a)(3)(B)(iii)(I)(cc)..............................................................................................5
  § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................................................7
  § 78u-4(a)(3)(B)(v) .......................................................................................................7

SEC Rule 10b-5 (17 C.F.R. § 240.10b-5)...............................................................................1, 4

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a, *et seq*. .............................1
  § 78n(b) ("Section 10(b)")................................................................................................1, 4
  § 78t(a) ("Section 20(a)") ................................................................................................1, 4
  § 78u-4(a)(3)(b) ("Section 21D(a)(3)(B)").............................................................................1

## I.    INTRODUCTION

Movant Parijaat Dixit ("Movant Dixit") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as Lead Plaintiff and approve his selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein" or the "Firm") as Lead Counsel pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Smart Digital Group Limited ("SDM" or the "Company") securities between May 5, 2025, and September 26, 2025, at 9:34 AM EST, both dates and time inclusive (the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against SDM, Yunting Chen, Qionshan Huang, Sam Wait Hong, Enrome LLP, US Tiger Securities, Inc., and unidentified John Does 1-100 (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant Dixit believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed Lead Plaintiff based on the substantial financial losses he suffered as a result of Defendants' wrongful conduct as alleged in this litigation. Moreover, Movant Dixit satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant Dixit's selection of Wolf Haldenstein as Lead Counsel should be approved because the Firm has substantial experience

in securities class action litigation and the expertise and resources necessary to efficiently prosecute the Action.

## II.    FACTUAL BACKGROUND[1]

SDM, through three operating entities, purportedly provides a broad range of services including: (1) event planning and execution services; (2) internet media services; (3) software customization and marketing services; and (4) business planning and consulting services. ¶ 2.

This case arises from the sudden collapse of SDM's stock price on September 26, 2025, and the still-pending halt of trading in the Company's securities due to a fraudulent market manipulation scheme that caused the Company's stock price to trade as high $29.40 per share intraday on July 28, 2025, despite no fundamental news to justify such a spike in the Company's stock price. Investigation and public reports have revealed that SDM was a vehicle utilized in a market manipulation and "pump-and-dump" promotional scheme. Impersonators acting as financial advisors touted SDM in online forums, chat groups, and social media posts with baseless claims to create a buying frenzy amongst retail investors. ¶ 4.

On September 26, 2025, the Company's stock price collapsed 86.4% to close at $1.85 per share following an intraday halt by the NASDAQ Stock Market (the "NASDAQ") for volatility just minutes after the market opened. Before the next trading day began, the SEC suspended trading in SDM securities from September 29, 2025, through October, 10, 2025, due to "potential manipulation" in the Company's securities "effectuated through recommendations made to investors by unknown persons via social media to purchase the securities of SDM, which appear

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Dixit* Complaint") filed in the United States District Court for the Southern District of New York in the action styled *Dixit v. Smart Dig. Grp. Ltd., et. al.*, Case No. 1:26-cv-00296-NRB (the "*Dixit* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Dixit* Complaint. The facts set forth in the *Dixit* Complaint are incorporated herein by reference.

to be designed to artificially inflate the price and volume of the securities of SDM." The SEC cautioned "broker-dealers, shareholders and prospective purchasers that they should carefully consider the foregoing information along with all other currently available information and any information subsequently issued by the company." With the SEC suspension scheduled to expire, on October 11, 2025, NASDAQ suspended trading in SDM securities pending a request for additional information. At the time of this filing, trading in SDM securities remains suspended with no end in sight. ¶ 5.

The *Dixit* complaint alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and the true nature of the trading activity in the securities. Specifically, Defendants failed to disclose to investors that: (1) SDM was the subject of a market manipulation and fraudulent promotion scheme involving social-media based misinformation and impersonators posing as financial professionals; (2) insiders and/or affiliates used and/or intended to use offshore or nominee accounts to facilitate the coordinated dumping of shares during a price inflation campaign; (3) SDM's public statements and risk disclosures omitted any mention of realized risk of fraudulent trading or market manipulation used to drive the Company's stock price; (4) as a result, SDM securities were at unique risk of a sustained suspension in trading by either or both of the SEC and NASDAQ; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations and prospects were materially misleading and/or lacked a reasonable basis. ¶ 6.

## III.    ARGUMENT

### A.    Movant Dixit Is the Most Adequate Plaintiff

Movant Dixit respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §

3

78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for lead plaintiff presumption). As set forth below, Movant Dixit believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1. Movant Dixit's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On January 13, 2026, Movant Dixit, through his counsel, Wolf Haldenstein, filed the above-captioned securities class action in this District, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Defendants. That same day, Wolf Haldenstein published a notice on *GlobeNewswire* —a widely circulated national business-oriented wire service— alerting investors to the pendency of the action and informing them of the March 16, 2026, deadline to seek appointment as Lead Plaintiff. *See* Guiney Decl., Ex. D. Accordingly, as Movant Dixit filed this Motion by the March 16, 2026, deadline, he satisfies the PSLRA's 60-day requirement. *See also Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *2 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).[2]

---

[2] *Xiangdong Chen* concerns Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o. However, the court explains that "'courts use the same construction standards for PSLRA decisions' to decide motions for Lead Plaintiff and Class Counsel under the Securities Act" and the Exchange Act. *Xiangdong Chen*, 2020 WL 2478643, at *2 n.1 (citing 15 U.S.C. § 77z-4; *Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at *2 n.1 (E.D.N.Y. July 16, 2015)).

### 2. Movant Dixit Has the Largest Financial Interest in the Relief Sought by the Class

Movant Dixit should be appointed Lead Plaintiff because he has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Specifically, Movant Dixit incurred a loss of approximately $3,088,978.54 as calculated on a LIFO basis on his purchases of 562,989 shares of SDM common stock during the Class Period. *See* Guiney Decl., Exs. A-B. To the best of Movant Dixit's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Movant Dixit has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Movant Dixit Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant Dixit otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only "make a preliminary showing that the adequacy and typicality requirements have been met." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016) (citation omitted). Here, Movant Dixit unquestionably satisfies both requirements.

Movant Dixit's claims are typical of the claims of other Class members. Typicality is satisfied when the movant's "claims arise from the same course of events as those of the rest of the class, and when that party makes similar legal arguments to prove the defendant's liability." *Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 23 Civ. 2138 (JPC), 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023) (citation and internal quotations omitted). Here, Movant Dixit and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class

members, Movant Dixit (1) purchased SDM common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged as a result. *See Vale*, 2016 WL 880201, at *6 (typicality satisfied where movant "purchased [company] shares at artificially inflated prices during the class period, and were injured by the false and misleading statements and omissions made by defendants in violation of federal securities laws"). As such, Movant Dixit satisfies the typicality requirement of Rule 23.

Movant Dixit likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Vale*, 2016 WL 880201, at *6 (citation omitted). Movant Dixit satisfies these elements because his substantial financial stake in the litigation provides him with the ability and incentive to vigorously represent the Class's claims. Movant Dixit's interests are directly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant Dixit and other Class members.

Movant Dixit has further demonstrated his adequacy through his selection of Wolf Haldenstein as Lead Counsel to represent the Class in this case. As discussed more fully below, Wolf Haldenstein is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, as demonstrated herein, Movant Dixit satisfies the typicality and adequacy

6

requirements of Rule 23.

**B.    Movant Dixit Selected Well-Qualified Lead Counsel to Represent the Class**

The PSLRA provides that the Lead Plaintiff is to select and retain Lead Counsel for the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

As detailed in its firm résumé, Wolf Haldenstein is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Guiney Decl., Ex. E. Moreover, Wolf Haldenstein has often been appointed as Lead Counsel in similar actions across the country arising under the federal securities laws on behalf of investors and has a track record of successfully prosecuting such actions. Thus, the Court may rest assured that by Movant Dixit's motion, the Class will receive the highest caliber of legal representation possible.

**CONCLUSION**

For the reasons discussed above, Movant Dixit respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of Wolf Haldenstein to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: March 16, 2026                                              Respectfully Submitted,

                                                                   **WOLF HALDENSTEIN ADLER**
                                                                   **  FREEMAN & HERZ LLP**

                                                                   By: */s/ Matthew M. Guiney*

                                                                   Matthew M. Guiney
                                                                   Patrick Donovan
                                                                   Rourke C. Donahue
                                                                   270 Madison Avenue

7

New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
Donovan@whafh.com
Donahue@whafh.com

*Counsel for Parijaat Dixit and [Proposed]
Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew M. Guiney, hereby certify that on March 16, 2026, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: March 16, 2026                                    /s/ Matthew M. Guiney
                                                         Matthew M. Guiney