# K&L GATES

Joanna A. Diakos
D  212.536.4807
F  212.536.3901
joanna.diakoskordalis@klgates.com

**VIA ECF**

August 4, 2026

Via ECF

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Dixit v. Smart Digital Group Limited, et al.*, No. 1:26-cv-00296-NRB – Opposition to Plaintiffs' Pre-Motion Letter Requesting Alternative Service for Individual Defendants**

Dear Judge Buchwald:

We write on behalf of Defendant Cogency Global Inc. ("Cogency") in response to Plaintiffs' July 30, 2026 pre-motion letter seeking leave to serve Defendants Yunting Chen, Qiongshan Huang, and Sam Wai Hong (the "Individual Defendants") through either Smart Digital Group Limited's ("SDM") counsel or Cogency, SDM's registered agent. The request should be denied because Cogency has no authority to accept service on behalf of the Individual Defendants and Plaintiffs have not established that service through the Hague Convention is impracticable. Plaintiffs' authorities do not otherwise support the relief they seek.

*First*, Plaintiffs acknowledge that Cogency informed them that it would not accept service on behalf of the Individual Defendants. That is because Cogency is not an agent for service of process for any of the Individual Defendants, who are former officers and directors of SDM.  Cogency serves only as SDM's registered agent for purposes of its Form F-1 filing. Plaintiffs nevertheless ask the Court to deem service on Cogency sufficient as to individuals for whom Cogency has never acted as an agent and from whom it has no authority to accept service. Plaintiffs cite no authority allowing a court to compel a registered agent of a

K&L GATES LLP
599 LEXINGTON AVENUE   NEW YORK   NY 10022-6030
T +1 212 536 3900  F +1 212 536 3901  klgates.com

Page 2

corporation to accept service for former officers and directors who have never designated that agent for such purpose.

Plaintiffs have offered no evidence that any Individual Defendant appointed Cogency as an agent for service of process, and New York courts have long recognized that authority to accept service cannot be presumed. As one New York Court explained, "[a]n attorney is not automatically considered the agent of his client for the purposes of the service of process," and absent proof that a defendant designated the purported agent to accept service, service is ineffective. *Broman v. Stern*, 172 A.D.2d 475, 476 (2d Dep't 1991). The principle is equally applicable here.

*Second*, while New York courts do allow parties to serve adversaries in Convention countries by alternative, court-directed means, where a treaty prescribes a method of international service, its requirements are mandatory absent a meaningful showing that service through the Convention would be "impracticab[le]" under CPLR 308(5) or 311(b). *Mut. Benefits Offshore Fund v. Zeltser*, 140 A.D.3d 444, 446 (1st Dep't 2016) (affirming denial of motion for leave for alternative service); *Kyoko Yamamoto v. Hidehiko Yamamoto*, 43 A.D.3d 372, 372 (1st Dep't 2007) (affirming denial of plaintiff's request for alternative service by personal delivery to counsel).

Plaintiffs have made no such showing here, but instead simply state that the Individual Defendants' addresses are "unknown" because they have thus far been unable to locate them via "search[ing] publicly available records using Google, SEC filings, and artificial intelligence platforms."[1] Instead, Plaintiffs ask the Court to bypass the Convention entirely based on generalized assertions that Hague service in China can be expensive and time-consuming. Plaintiffs' position would effectively render Hague procedures optional whenever a litigant finds them inconvenient.

Plaintiffs principally rely on *Orient Plus International Ltd. v. Baosheng Media Group Holdings Ltd.*, 2024 WL 2317715 (S.D.N.Y. May 22, 2024). It is not clear that that same level of diligence in attempting to locate the Individual Defendants' addresses has been effected here, where, as noted above, their purported diligence consists of internet searches and requests that counsel and Cogency voluntarily accept service. Similarly, Plaintiffs' requested alternative service presents reasonable questions of compliance with basic notice and due process where the Individual Defendants are—by Plaintiffs' admission—not current officers or directors of the Company, and there is no reason to believe that service on SDM's registered agent or

---

[1] Plaintiffs' Pre-Motion Letter, at 2.

Page 3

counsel would apprise the Individual Defendants of this lawsuit. For those reasons, Plaintiffs' reliance on *Stream SICAV v. Wang* (involving service of the then-current general manager of defendant) is misplaced. *Stream SICAV*, 989 F. Supp. 2d 264, 279–280 (S.D.N.Y. 2013) (noting that "[a]lthough high-employees of subsidiaries may in some circumstances be far enough removed from their corporate parents that service upon the parents would not be "reasonably calculated" to apprise the employees of the pendency of the action, that is not so here. Wang is the general manager of all of SmartHeat's Chinese subsidiaries ….")

In conclusion, Plaintiffs have not shown that alternative service on Cogency is proper where Cogency has never represented the Individual Defendants, and there has not been sufficient showing that Plaintiffs' service through the Hague Convention would be impracticable.

For these reasons, Cogency respectfully requests that the Court deny Plaintiffs' request for leave to effect alternative service through Cogency.

Respectfully,

*/s/ Joanna A. Diakos*
Joanna A. Diakos

*Counsel for Defendant Cogency Global, Inc.*

cc:    All counsel (via ECF)

K&L GATES LLP
599 LEXINGTON AVENUE   NEW YORK   NY 10022-6030
T +1 212 536 3900  F +1 212 536 3901  klgates.com